IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMIR HALEEM,

   Plaintiff,

v.

FREDERICK ABELLO, *Warden*, *et al.*,

   Defendants.

Civil Action No.: JRR-24-1400

# MEMORANDUM OPINION

Pending before the court is the Motion to Dismiss filed by Defendants Warden Frederick Abello and Chaplin John Doe.  ECF No. 12 (hereafter the "Motion").  Defendants seek dismissal in their favor on the claims asserted against them in Plaintiff Samir Haleem's complaint (ECF No. 1).  Despite being advised of his opportunity to respond to the Motion, (ECF No. 13), Mr. Haleem has failed to do so.  Upon review of the record, a hearing is not necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons stated below, Defendants' Motion, shall be GRANTED.

# BACKGROUND

Mr. Haleem, a self-represented plaintiff, filed this Complaint on May 13, 2024, while incarcerated at Montgomery County Correctional Facility ("MCCF").  He states that beginning on August 21, 2023, to the date he filed the complaint he was denied religious services. ECF No. 1 at 5. Mr. Haleem explains that he is a Sunni Muslim and is obligated, as a central tenant of his sincerely held beliefs, to attend congregate prayer on Fridays. *Id*. at 6.  He asserts that his ability to attend such Friday Jumah services was denied while he was detained at MCCF in violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). *Id*.  at 6. Mr. Haleem states that he made "numerous request[s] to attend" services

which were "forwarded to defendants". *Id*. at 6. He seeks compensatory damages and declaratory relief. *Id*. at 7.

Through the Motion, Defendants argue they are entitled to dismissal of the Complaint because: (1) Mr. Haleem failed to exhaust his administrative remedies; (2) the RLUIPA claim is moot; and (3) Mr. Haleem fails to state a claim for which relief may be granted under the First Amendment.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the claims pled in a complaint." *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019). To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In evaluating the sufficiency of the plaintiff's claims, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in original) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Accordingly, in ruling on a motion brought under Rule 12(b)(6), a court "separat[es] the legal conclusions from the factual allegations, assum[es] the truth of only the factual allegations, and then determin[es] whether those allegations allow the court to reasonably infer that 'the defendant is liable for the

misconduct alleged.'" *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012) (quoting *Iqbal*, 556 U.S. at 1949–50).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal of a pro se complaint for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F. App'x 254, 259–60 (4th Cir. 2008) (emphasis in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). However, despite this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.* When ruling on a motion to dismiss, the Court may consider materials attached to the complaint without transforming the motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P. 10(c). The Court may also consider materials attached to a motion to dismiss, so long as such materials are integral to the complaint and authentic. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## DISCUSSION

As it pertains to exhaustion of Mr. Haleem's administrative remedies, Defendants offer for review an inmate grievance form submitted by Mr. Haleem on April 11, 2024. ECF No. 12-1.[1] Mr. Haleem complained that since his arrival at MCCF he had only been allowed to attend one religious service. He asserted that as a practicing Muslim he is required to attend prayer services

---

[1] Mr. Haleem also attached a copy of this inmate grievance form to his Complaint (ECF 1-1), which, due to its quality, is difficult to read.

every Friday. *Id*. In response to his Complaint, Mr. Haleem was advised, on April 23, 2024, that the facility did not have an Imam available every Friday and that the facility was looking for additional Imams. *Id*. Because an Imam was not available weekly, participants were rotated monthly such that Mr. Haleem would not be able to attend every week. *Id*. On that same day, Mr. Haleem signed off on the grievance indicating his acceptance of the response. *Id*.

The grievance form provides that where a grievance is not resolved, the grievance is to be forwarded to the "Section Head." ECF No. 1-1. If the inmate is dissatisfied with the Section Head's response, the grievance is then forwarded to the Warden for consideration. *Id*. If the inmate is dissatisfied with the Warden's response, the inmate may file a written appeal to the Department Director within ten days of the Warden's response. *Id*. The inmate is to receive a copy of the grievance at each stage of the administrative process. *Id.*

Defendants raise the affirmative defense that Mr. Haleem failed to exhaust his administrative remedies. If Mr. Haleem's claim has not been properly presented through the administrative remedy procedure, it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, which provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. App'x. 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). A claim that has not been exhausted may not be considered by this court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'…normally creates an obligation impervious to judicial discretion")). The court may dispose of a claim on this ground only if "the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense" or in "the rare, exceptional instance where administrative exhaustion"—or lack thereof—is "apparent on the complaint's face." *Custis*, 851 F.3d at 362 (citing *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore*, 517 F. 3d at 729; *see also Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the

5

issues on the merits).'" *Id.* at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Although the PLRA requires a prisoner to exhaust available remedies, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725.

Here it is clear that, while Mr. Haleem began the administrative grievance process, he did not complete it. Therefore, Defendants' Motion will be granted. In light of the foregoing, the court need not consider Defendants' remaining arguments.

A separate Order follows.

December 10, 2024                              /S/
_____                                _____
Date                                           Julie R. Rubin
                                               United States District Judge